## CASE NO. 09-4020

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

VICKIE DELLINGER

*Plaintiff-Appellant,*

v.

JOHN POTTER

*Defendant-Appellee.*


## On Appeal from the United States District Court
## for the Southern District of Ohio, Western Division

---

## BRIEF OF PLAINTIFF-APPELLANT VICKIE DELLINGER

---

Sheila M. Smith (0065115)
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
(513) 721-1975/fax (513) 651-2570
ssmith@frekingandbetz.com

*Attorney for Plaintiff-Appellant
Vickie Dellinger*

## I.    CORPORATE DISCLOSURE STATEMENT

Pursuant to 6 Cir. R. 26.1, Appellant Vickie Dellinger makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  NO.

2.    Is there a publicly-owned corporation, not a party to the appeal, that has a financial interest in the outcome?  NO.

/s/ Sheila M. Smith
Sheila M. Smith (0065115)
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
(513) 721-1975/ fax (513)651-2570
*ssmith@frekingandbetz.com*

Counsel for Appellant
Vickie Dellinger

# TABLE OF CONTENTS

I.     CORPORATE DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . .  i

II.    TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

III.   TABLE OF CASES, CITATIONS & AUTHORITIES. . . . . . . . . . . . . .  iii

IV.    STATEMENT IN SUPPORT OF ORAL ARGUMENT. . . . . . . . . . . . .  v

V.     JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

VI.    STATEMENT OF ISSUES FOR REVIEW . . . . . . . . . . . . . . . . . . . . . .  1

VII.   STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

       A.     Administrative History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

       B.     Judicial History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

VIII.  STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

IX.    SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . .  9

X.     STATEMENT OF THE STANDARD OF REVIEW. . . . . . . . . . . . . . .  9

XI.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

       A.     Dellinger is Entitled to Pursue Her Enforcement Action In
              Federal Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

       B.     The USPS Should Not Be Allowed Benefit From Its Knowing
              Misrepresentation To The EEOC. . . . . . . . . . . . . . . . . . . . . .  17

XII.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

ADDENDUM

       Designation of Electronic Record. . . . . . . . . . . . . . . . . . . . . . . . . .  20

       Relevant Regulations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

# TABLE OF CASES, CITATIONS & AUTHORITIES

*Adcock v. Roche,* 2006 U.S. Dist. LEXIS 27335 (M.D. Ga. May 9, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). . . . . . . . . . . . . . . .  10

*Buzzelli v. Minnesota Mining & Mfg. Co.*, 521 F.2d 1162 (6th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*DePiero v. City of Macedonia*, 180 F.3d 770 (6th Cir. 1999). . . . . . . . . . . .  10

*DeRose v. Rice,* 2006 U.S. Dist. LEXIS 5782 (D. D.C. Feb. 16, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 14, 15, 16

*Equitable Life Assurance Soc. of the U.S. v. Poe*, 143 F.3d 1013 (6th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Hansson v. Norton*, 411 F.3d 231 (D.C. Cir. 2005).. . . . . . . . . . . . . . . . . . . 15

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). . 17, 18

*Herron v. Veneman*, 305 F. Supp. 2d 64 (D. D.C. 2004). . . . . . . . . . . . . . 11

*Moore v. Devine*, 780 F.2d 1559 (11th Cir. 1986). . . . . . . . . . . . . . . . . . . . 11

*Scott v. Johanns*, 409 F.3d 466 (D.C. Cir. 2005). . . . . . . . . . . . . . . . . . . . 12

*Wilson v. Pena*, 79 F.3d 154 (D.C. Cir. 1996). . . . . . . . . . . . . . . . 9, 12, 15, 16

## STATUTORY AUTHORITIES

28 U.S.C. §1291.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1331.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. §701.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

29 U.S.C. §791, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 794a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

42 U.S.C. 2000e-16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

29 C.F.R. 1614.109. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

29 C.F.R. 1614.403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

29 C.F.R. 1614.502. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

29 C.F.R. 1614.503. . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 9, 10, 11, 12, 13, 15

29 C.F.R. 1614.504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 12, 15

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

## IV.    STATEMENT IN SUPPORT OF ORAL ARGUMENT

This case involves important issues of enforcement of federal law. Appellant Dellinger successfully proved that her employer, the United States Postal Service, discriminated against her when it terminated her employment in 1999, in violation of the Rehabilitation Act.  Because the USPS has failed to complete its compliance with the mandatory Order of the EEOC to provide relief to Dellinger, she sought enforcement of that Order in federal court.  Due to the nature of this case and the broad importance of the issues, Appellant respectfully requests oral argument on this Appeal.

## V.    JURISDICTIONAL STATEMENT

Jurisdiction in the District Court was conferred under 28 U.S.C. § 1331 and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, *et seq.*

The Appeal is from the District Court's Order granting Potter's Motion for Summary Judgment entered on July 22, 2009.  (Record No. 15, Entry and Order Granting Def. Mot. S.J.)  Final Judgment was entered on Dellinger's only claim on the same date.  (Record No. 16, Judgment in a Civil Action.)  Dellinger filed her Notice of Appeal on August 20, 2009. (Record No. 17, Notice of Appeal.)  Jurisdiction in this Court is conferred by 28 U.S.C. §1291.

## VI.    STATEMENT OF ISSUES FOR REVIEW

Whether the District Court erred in granting summary judgment on Dellinger's petition to enforce the final EEOC Order dated September 29, 2005.

## VII.    STATEMENT OF THE CASE

### A.    Administrative History

Following her termination from employment with the United States Postal Service in April 1999, Appellant Vickie Dellinger timely filed a disability discrimination Charge with the agency's Equal Employment Opportunity office.  A full evidentiary hearing was held, and the Administrative Judge issued a decision on September 15, 2003 finding that

the USPS had discriminated against Dellinger and ordering a detailed make-whole remedy.

The USPS appealed this decision to the Equal Employment Opportunity Commission Office of Federal Operations, which affirmed the decision in a Final Decision and Order on September 29, 2005. The USPS was required to comply with the ordered remedy within 60 days of the decision because it did not file a request for reconsideration. 29 C.F.R. 1614.502.

When the USPS failed to comply with this Final Order within the required 60 days, Dellinger sent notice on January 11, 2006 to the EEOC-OFO that the USPS was not in compliance, pursuant to 29 C.F.R. 1614.504(a). She then filed a petition for enforcement with the EEOC-OFO on February 9, 2006, pursuant to 29 C.F.R. 1614.503.

Over the next almost two years, the USPS paid Dellinger some, but not all, of the compensation required by the Final Order. After Dellinger requested on February 13, 2008 that the EEOC issue a notice of non-compliance, the USPS finally issued a compliance report on March 26, 2008, stating that it had "met compliance" with the Final Order. In reliance on this compliance report, the EEOC issued a letter on April 2, 2008 stating:

> The agency has provided us documentation sufficient to demonstrate that it has taken the corrective action(s) ordered in the Commission's decision. **This action will not be construed as an adjudication of the merits of any claim(s) arising out of the corrective action.**

(Record No. 7-10 at pg. 1 of 2, Letter from Flanigan to Smith (emphasis in original).)

### B.    Judicial History

Within 90 days following receipt of the EEOC's letter, on June 25, 2008, Dellinger filed a Complaint against John E. Potter in his official capacity as Postmaster General of the United States Postal Service in federal court seeking enforcement of the remaining disputed items of the Final Order.  (Record No.1, Complaint.)

On October 15, 2008, the USPS filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment.  (Record No. 6, Def. Mot. S.J.) Dellinger opposed that motion.  (Record No. 11, Pl. Mem. Opp. Def. Mot. S.J.)  On July 22, 2009, the District Court issued an Entry  and Order granting the USPS's Motion for Summary Judgment.  (Record No. 15, Entry and Order Granting Mot. S.J.)  Judgment was entered the same day. (Record No. 16, Judgment.)

On August 20, 2009, Dellinger timely filed her Notice of Appeal. (Record No. 17, Notice of Appeal.)

## VIII.    STATEMENT OF FACTS

Dellinger was a career postal clerk at the Troy, Ohio Post Office until her termination in 1999.  (Record No. 1, Complaint at ¶5.)  After her termination, Dellinger filed an internal EEO complaint against her employer, the United States Postal Service, alleging disability

discrimination under the Rehabilitation Act, which she won after a full evidentiary hearing.  (Record No. 1, Complaint at ¶6.)  The Administrative Judge found that discrimination had occurred on account of Dellinger's disability and ordered a remedy which included back pay, reinstatement or reimbursement of all lost future benefits, $10,000 in compensatory damages, interest on the back pay award, and attorney's fees and costs. (Record No. 1, Complaint at ¶6.)  On October 17, 2003, the parties stipulated that the attorney's fees and costs payable to Dellinger would be $20,000, for legal services rendered prior to October 17, 2003.  (Record No. 1, Complaint at ¶7.)

The USPS appealed the Administrative Judge's decision to the EEOC Office of Federal Operations.  (Record No. 1, Complaint at ¶8.)   In September 2005, the EEOC affirmed the Administrative Judge's decision, and ordered, *inter alia*, that the USPS pay back pay from April 1999, interest on the back pay award, compensate Dellinger for her increased tax liability based on a lump sum back pay award, reinstate Dellinger at her discretion or reimburse her for lost future benefits if she chose to remain in a disability retirement status, and pay Dellinger's reasonable attorney's fees.  (Record No. 1, Complaint at ¶8.)

On January 11, 2006, Dellinger received the USPS's Notice of Final Action, adopting the EEOC Final Decision and Order, but Dellinger had not yet received any compensation as required by the Order.  (Record No. 1, Complaint at ¶10.)  That same day, Dellinger sent a letter to the EEOC-

-4-

OFO, stating her belief that the USPS was not in compliance with the Decision, pursuant to 29 C.F.R. 1614.504(a). (Record No. 1, Complaint at ¶11.)

On February 9, 2006, Dellinger filed a Petition for Enforcement with the EEOC- OFO, pursuant to 29 C.F.R. 1614.503. (Record No. 1, Complaint at ¶12.) By April 2006, the USPS had paid Dellinger the compensatory damages and attorneys fees through October 17, 2003. (Record No. 1, Complaint at ¶¶13, 14.) The USPS had also offered Dellinger reinstatement but she opted to remain in disability retirement. (Record No. 1, Complaint at ¶15.) The USPS paid Dellinger the stipulated back pay amounts in July, 2007. (Record No. 1, Complaint at ¶16.)

Dellinger disputed the USPS's calculation of interest on the back pay amount. (Record No. 1, Complaint at ¶17.) In July 2007, the USPS paid the undisputed portion of the interest on the back pay award, in partial compliance with the final Order. (Record No. 1, Complaint at ¶17.)

On June 21, 2007, less than 30 days following the stipulation of the back pay amount, Dellinger presented the USPS with her calculations of the extra tax compensation due pursuant to paragraph 2 of the final Order. (Record No. 1, Complaint at ¶19.) The USPS has not paid this amount nor any other amount in compliance with the final Order. (Record No. 1, Complaint at ¶19.)

The USPS has also not paid Dellinger any amount in compensation for lost future benefits. (Record No. 1, Complaint at ¶20.) Dellinger has

required further legal services since June 20, 2007 in her attempts to enforce the final Order, and seeks reimbursement for these attorney's fees. (Record No. 1, Complaint at ¶21.)

Since the EEOC final Order was issued in September, 2005, Dellinger has made numerous overtures to the USPS for enforcement and/or settlement, most recently on February 22, 2008, and many requests for status updates. Most of these contacts were not answered. (Record No. 1, Complaint at ¶22.)

Because the USPS was still not in compliance with the final Order more than two years later, Dellinger contacted the EEOC-OFO compliance officer, John Flanigan, on February 13, 2008, and detailed the remaining items still not in compliance. (Record No. 11-3, Smith Aff. ¶6; Record No. 11-3 at pg. 3, E-mail to John Flanigan.) She then requested a notice from the Commission of her right to file a civil enforcement action. (*Id.*) Flanigan did not respond to this correspondence. (Record No. 11-3, Smith Aff. ¶6.) However, Flanigan had apparently requested information from the USPS, in a memo stating:

> No agency compliance report on this Cincinnati case. Complainant's atty reported payment of backpay, the undisputed amounts of interest and $10,000 in comp. damages ordered by the AJ. What remains are: compensation for increased tax liability, if any, reinstatement options (or remaining in disability retirement status), consideration of disciplinary action, training, posting of the notice and processing of any request for supplementary atty. fees.

(Record No. 7-7 at pg. 3 of 46, Memo from Flanigan to Johnson ¶7.)

-6-

On March 26, 2008, the USPS submitted a compliance report to Flanigan falsely reporting the completion of all corrective action. (Record No. 7-7 at pg. 1 of 46, Letter from Johnson to Flanigan; Record No. 11-3 at pg. 1, Smith Aff. ¶ 2.) The USPS included as one of many attachments to this report a stipulation between the parties as of December 17, 2007, regarding the status of compliance. (Record No. 7-7 at pg. 1 of 46, Letter from Johnson to Flanigan, at item (D); Record No. 7-7 at pgs. 12 through 17 of 46, Stipulation (unsigned)[1].)

This Stipulation specifically states that the parties still disputed the amount of interest owed on the back pay award, and that the parties had not reached agreement on the amount of compensation owed for increased tax liability or the amount of compensation owed for future lost benefits. (Record No. 7-7 at pg. 16 of 46, Stipulation ¶¶7, 9, 10.) Despite this acknowledgment by the USPS in late December, 2007 that disputes remained, the USPS did not explain to the EEOC in its compliance report how these disputes were resolved, or, in the alternative, why the USPS was in compliance despite these open disputes. (Record No. 7-7 at pg. 1 of 46,

---

[1] The USPS filed an unsigned copy of this Stipulation in support of its Motion below. This Stipulation was drafted by the USPS, who sent it to Dellinger's attorney on December 17, 2007. (Record No. 7-7 at pg. 12, Letter from Markle to Smith.) The USPS required Dellinger's agreement on this Stipuluation before it would send the next payment of attorney's fees. (Record No. 11-3 at pg. 1, Smith Aff. ¶3.) Dellinger's attorney signed that Stipulation as drafted in late December, 2007. (*Id*.) The USPS then sent Dellinger this attorney's fee payment, indicating its agreement with this Stipulation. (*Id*.)

Letter from Johnson to Flanigan.)  Indeed, these open disputes have never been resolved.

Based on this false report, the EEOC notified Dellinger that its compliance monitoring activity had ceased.  (Record No. 7-10 at pg. 1 of 2.) This letter explicitly states that it "will not be construed as an adjudication of the merits of any claim arising out of the corrective action."  (*Id.*)

Upon receipt of Flanigan's letter, Dellinger sent him another e-mail, on April 8, 2008, informing him that the USPS's assertion of complete compliance was not true, and requesting copies of the evidence upon which his conclusion was based.  (Record No. 11-3 at pg. 2, Smith Aff. ¶7; Record No. 11-3 at pg. 4, E-mail from Smith to Flanigan.)  Flanigan never responded to this e-mail, nor did he ever send the USPS compliance report to Dellinger.  (Record No. 11-3 at pg. 2, Smith Aff. ¶7.)  Neither did the USPS provide Dellinger with a copy of its compliance report.  (Record No. 11-3 at pg. 1, Smith Aff. ¶2.)

Dellinger then filed a Petition for Enforcement of the EEOC final Order under the Rehabilitation Act in the United State District Court for the Southern District of Ohio on June 25, 2008.  (Record No. 1, Complaint.)

Dellinger was fired more than ten years ago, her termination was adjudicated as violating federal law more than six years ago, a decision which was affirmed more than four years ago, and her remedy is still incomplete.

## IX.    SUMMARY OF THE ARGUMENT

Dellinger should be allowed to pursue her enforcement claim in federal court under the Rehabilitation Act.  She is not seeking to enlarge or alter the remedy ordered by the EEOC in September, 2005, so she is not required to pursue her claim through a de novo review, as the District court erroneously ruled.  Nor should she be barred from pursuing enforcement just because 29 C.F.R. 1614. 503(g) is silent with respect to her right to file a civil enforcement action when the EEOC has issued a ruling finding the employing agency in compliance with its final Order, following the reasoning in *DeRose v. Rice,* 2006 U.S. Dist. LEXIS 5782 (D. D.C. Feb. 16, 2006) and *Wilson v. Pena*, 79 F.3d 154, 167-68 (D.C. Cir. 1996).

In addition, the USPS obtained the EEOC letter ruling fraudulently, and should not be allowed to benefit from its own misconduct.

## X.    STATEMENT OF THE STANDARD OF REVIEW

This Court must review *de novo* the District Court's order granting summary judgment and apply the same legal standard pursuant to Fed. R. Civ. P. 56(c).  A grant of summary judgment will be affirmed on appeal only if three criteria are met: (1) the District Court applied the proper law; (2) the District Court made no errors applying the law to the facts; and (3) there are no genuine issues of material fact.  *Equitable Life Assurance Soc. of the U.S. v. Poe*, 143 F.3d 1013, 1015-16 (6th Cir. 1998).

Summary judgment may only be granted if there are no genuine issues of material fact, and the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56.  The trial court must accept the plaintiff's evidence as true and draw all reasonable inferences in her favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), viewing all facts and inferences drawn therefrom in the light most favorable to plaintiff. *DePiero v. City of Macedonia*, 180 F.3d 770, 776 (6th Cir. 1999).

## XI.  ARGUMENT

### A.  Dellinger is Entitled to Pursue Her Enforcement Action In Federal Court.

Decisions of the EEOC are binding on federal employers.  29 C.F.R. 1614.502.  A federal employee who has secured an award of damages after prevailing on a discrimination claim before the EEOC may petition the EEOC for enforcement of that decision.  29 C.F.R. 1614.503(a).   Upon receipt of a petition for enforcement, the Commission is to take all necessary action to ascertain whether the agency is implementing the decision of the EEOC.  29 C.F.R. 1614.503(b).  If the Commission determines that the agency is not complying with its final order, or if the agency has not submitted a final compliance report, the Commission "shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to . . . the Rehabilitation Act . . ."  29 C.F.R. 1614.503(g).

Although federal regulations are silent with respect to a complainant's right to challenge a Commission letter ceasing its enforcement proceedings, such as the Commission letter issued in this

case, courts have held that the they are required to enforce final EEOC decisions favorable to federal employees when requested to do so. *See, e.g., Moore v. Devine*, 780 F.2d 1559, 1561 (11th Cir. 1986). In such enforcement actions, the plaintiff simply asks the court to uphold what the agency was already obligated to do. *Herron v. Veneman*, 305 F. Supp. 2d 64, 75 (D. D.C. 2004).

For instance, in *DeRose v. Rice,* 2006 U.S. Dist. LEXIS 5782 (D. D.C. Feb. 16, 2006), the EEOC denied plaintiff's petition for enforcement, and the plaintiff filed an enforcement action in federal court. *Id.* at * 6. After a detailed analysis, the district court found that it had jurisdiction to hear the enforcement action, despite the silence in 29 C.F.R. 1614.503(g) and 1614.504 regarding a complainant's right to file a civil action when the EEOC finds the agency in compliance. *Id.* at *24-25.

Other courts have reached the opposite conclusion. In *Adcock v. Roche,* 2006 U.S. Dist. LEXIS 27335 (M.D. Ga. May 9, 2006), the court ruled that the absence of a regulation allowing a civil  enforcement action where the EEOC has ruled that the agency is in compliance bars an enforcement action in federal court. *Id.* at *20.

In this case, the District Court granted the USPS's Motion for Summary Judgment because it concluded that Dellinger was not entitled to bring an enforcement action. (Record No. 15, Entry and Order, at pg.15.) The court reached this conclusion because it believed that Dellinger was requesting more relief than she was entitled to receive under the EEOC

final Order.  (*Id.*)  When a complainant seeks review of a favorable EEOC decision, she cannot choose a de novo review of the remedy provision without a de novo review of the liability decision.  *Scott v. Johanns*, 409 F.3d 466, 467 (D.C. Cir. 2005).  The District Court stated that Dellinger was challenging the most recent EEOC finding, which constituted a request for more relief than the EEOC believes she is due.  (Record No. 15, Entry and Order, at pg.15.)  Thus, according to the court, the only available relief for Dellinger is a suit de novo.  (*Id.*)

This analysis fundamentally misunderstands the EEOC enforcement scheme.  The original administrative adjudication is done by an Administrative Judge of the EEOC.  29 C.F.R. 1614.109.  Appeals from the A.J.s decision go to the Commission's Office of Federal Operations for decision.  29 C.F.R. 1614.403.  These are the EEOC decisions regarding the appropriate remedy after a finding of discrimination.  Following the EEOC appellate Order affirming a finding of discrimination and the appropriate relief, the agency must implement the relief specified in that Order.  29 C.F.R. 1614.502.  Failure to implement the ordered relief shall subject the agency to judicial enforcement.  29 C.F.R. 1614.502(a).  The only role the EEOC has after that point is to monitor and enforce compliance.  *See*, *Wilson v. Pena*, 79 F.3d 154, 162 (D.C. Circuit 1996) ("a petition for enforcement challenges not the order being enforced, but the actions taken by the agency in response to the order.")  The Commission has no authority to alter the remedy at that point.  29 C.F.R. 1614.503(c).

Dellinger is seeking to enforce the EEOC final Order of September 29, 2005. She is not seeking to enlarge or alter in any way the relief ordered in that decision. Therefore, she is not seeking a de novo review in this case, and the District Court erred in finding that this was the only path available to her. Notably, the District Court *did not* rule that the absence of a regulation allowing a civil action of enforcement following an EEOC determination of compliance barred Dellinger from pursuing an enforcement action. It ruled only that she was seeking to alter the relief she was due, and therefore could not pursue that in an enforcement action.

It was the USPS who argued below that the enforcement path is closed to Dellinger because the EEOC issued a letter stating its belief that the USPS had taken the required corrective action, relying solely on the *Adcock* case. (Record No. 6, Def. Mot. S.J. at pgs. 5-9.) However, the district court did not rely on this reasoning in the decision below. Moreover,the Sixth Circuit has not ruled on this issue, so the *Adcock* case from the Middle District of Georgia is not controlling here.

In *Adcock*, the court relied on the absence of a provision in 29 C.F.R. 1614. 503(g) allowing a civil action to seek enforcement of a final EEOC Order in federal court when the EEOC rules that the agency is in compliance with that Order.  2006 U.S. Dist. LEXIS 27335 at * 20 (M.D. Ga. May 9, 2006).  There, when Adcock appealed the Air Force's final decision in his case to the EEOC, the EEOC ordered a conditional remedy directing the Air Force to determine the existence of a position equivalent

to Adcock's at a specific Air Force base. *Id.* at *1, *7. According to the EEOC Order, if the Air Force determined that no equivalent position existed, it was not required to take any further action. *Id.* After Adcock filed his petition for enforcement with the EEOC protesting the Air Force's failure to reinstate him, the EEOC gave the parties time to submit evidence regarding the issue of the Air Force's compliance. *Id.* at *9. It was only after the EEOC provided *both parties with an opportunity to submit evidence regarding compliance* that the EEOC determined that the Air Force fairly investigated the existence of an equivalent position and had thus fully complied with the EEOC's order. *Id.* Thus, it appears that even if an enforcement action were permitted in federal court, Adcock would not prevail on the merits.

Unlike *Adcock*, the relief ordered here for Dellinger by the EEOC was unconditional. Further, in stark contrast to the *Adcock* case, the EEOC did not give Dellinger the opportunity to respond to the USPS compliance report; indeed, Dellinger never received it. Obviously, Dellinger had no opportunity to present evidence rebutting the USPS's representations in that compliance report as the plaintiff in *Adcock* had been given. Moreover, there is nothing in the record below to indicate conclusively that Dellinger's enforcement action is doomed on the merits.

The court in *DeRose* contains the better analysis. First, it reasoned, because the regulatory scheme allows for complainants to opt out of the administrative process at various points throughout the EEO process

without exhausting administrative remedies, "then the administrative remedies ought not be interpreted as exclusive." *DeRose v. Rice,* 2006 U.S. Dist. LEXIS 5782 at * 21 (D. D.C. Feb. 16, 2006). That court also found persuasive the fact that the D.C. Circuit had ruled that a breach of contract claim may be available under 29 C.F.R. 1614.504 (which has no provision for filing an enforcement action in federal court whatsoever). *DeRose* at * 21, citing, *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005). Finally, the court cited *Wilson v. Pena*, 79 F.3d 154, 167-68 (D.C. Cir. 1996), where that court found a right to an enforcement action after 180 days had passed with no action on a petition to the EEOC for enforcement, despite the lack of provision for such a civil action under 29 C.F.R. 1614.503(g). *DeRose* at *22-23.

The *Wilson* case is particularly instructive here. That case involved a Title VII claim in which the plaintiff sought enforcement in federal court after a decision by the EEOC denying his petition for enforcement. 79 F.3d at 157. The D.C. Circuit allowed the enforcement action, relying on the statutory language in Section 717(c) of Title VII, 42 U.S.C. 2000e-16, which allows a complainant to file a civil action after one hundred and eighty days from the filing of an appeal to the EEOC if no final action has been taken. *Id.* at 157, 159, 167, citing, 42 USCS § 2000e-16. The court reasoned that once 180 days had passed since Wilson filed his petition for enforcement with no action taken by the EEOC, he had "obtained his right to sue, at which time there had been no final action." *Id.* at 167. Thus, even though

the Commission eventually *did* issue a decision on the petition for enforcement, it did not do so within 180 days,[2] giving Wilson the right to seek enforcement in federal court.  *Id.*

The *Wilson* case is applicable here, even though this case arises under the Rehabilitation Act rather than Title VII.  This is so because Congress amended the Rehabilitation Act to incorporate "the remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16)."  29 U.S.C. § 794a.  Thus, under the reasoning of the D.C. Circuit in *Wilson*, Dellinger obtained a right to sue in federal court to enforce the EEOC final Order when the EEOC failed to take action within 180 days after her February 6, 2006 Petition for Enforcement to the EEOC. This is so, according to *Wilson*, even though she waited longer than the 180 days to file suit, and even though the EEOC eventually issued its "cease monitoring" letter on April 2, 2008.

Because the Rehabilitation Act is a remedial statute, its contours should be construed broadly.  29 U.S.C. §701.  Therefore, the better construction of Dellinger's right to pursue an enforcement action in federal court is contained in *DeRose* and *Wilson*, and she should be allowed to proceed with this enforcement action.

---

[2] Wilson filed his Petition to Enforce with the EEOC on November 1, 1991.  79 F.3d at 158.  The EEOC issued its decision denying that Petition on August 6, 1992.  *Id.* at 159.  Wilson then filed suit on February 26, 1993. *Id.* at 160.

**B.    The USPS Should Not Be Allowed Benefit From Its Knowing Misrepresentation To The EEOC.**

"No fraud is more odious than an attempt to subvert the administration of justice."  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 252 (1944) (J. Roberts, dissenting).

In moving to dismiss Dellinger's claim, the USPS relied solely on a letter it obtained under false pretenses from the EEOC concluding that the USPS had complied with the EEOC final Order.  The USPS does not disagree that disputes remained over its compliance with the EEOC final Order.  (Record No. 7-7 at pgs. 12-17, Stipulation ¶¶7, 9, 10.)  Nor does the USPS dispute that its compliance report falsely stated it was in full compliance without explaining how the remaining disputes were resolved, and that it was this report which induced the EEOC to issue its "cease monitoring" letter.

It is this fraudulently induced letter upon which the USPS relies to argue that Dellinger's enforcement action in federal court is barred.  This is analogous to cases in which courts have held that it is inequitable to enforce a patent where it was granted based on misrepresentations made to the U.S. Patent Office.  *See, e.g., Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 249 (1944); *Buzzelli v. Minnesota Mining & Mfg. Co.*, 521 F.2d 1162, 1166 (6th Cir. 1975).  In those cases, misrepresentations made to a federal administrative agency induced that agency to issue a ruling (granting patent), similar to the misrepresentation the USPS made to the

EEOC here which induced the EEOC ruling on which the USPS now relies. The U.S. Supreme Court, and this Court, ruled in those cases that the parties obtaining those fraudulent rulings must not be allowed to benefit from their misconduct. *Hazel-Atlas Glass Co.*, 322 U.S. at 249; *Buzzelli*, 521 F.2d at 1166.

Similarly, it is not equitable to give any effect to the EEOC's compliance letter because the USPS procured it by fraud. This Court must not allow the USPS to benefit from its misconduct.

## XII.  CONCLUSION

Dellinger was fired because of her disability, in violation of federal law, more than ten years ago. The United States Postal Service has delayed and ultimately refused to make her whole, despite being ordered by the EEOC to do so. Dellinger seeks the assistance of the federal courts to receive all the compensation to which she is entitled, and this enforcement action is the appropriate method to do so. She should not be barred from pursuing her enforcement action, and respectfully requests that the judgment of the District Court be reversed.

Respectfully submitted,

/s/ Sheila M. Smith
Sheila M. Smith  (0065115)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, Ohio  45202
(513) 721-1975/FAX:  (513) 651-2570
*ssmith@frekingandbetz.com*

-18-

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief has 4469 words and is submitted in 14 pt. Georgia Font, in compliance with F.R.A.P. 32(a)(7)(B) and (C).

/s/ Sheila M. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail and/or facsimile to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ Sheila M. Smith

# ADDENDUM

## 1.    Designation of Electronic Record

| Record No. | Record Title | Description |
|---|---|---|
| 1 | Complaint | |
| 6 | Motion to Dismiss/Motion for Summary Judgment | Defendant USPS Motion and memorandum in support |
| 7 | Supplemental Motion to Dismiss/Motion for Summary Judgment | Defendant's exhibits filed in support of its Motion |
| 11 | Response in Opposition re: 6 Motion to Dismiss/ Motion for Summary Judgment | Plaintiff's memorandum opposing Defendant's motion, including attached Smith Affidavit and its exhibits |
| 15 | Entry and Order Granting Defendant's Motion for Summary Judgment | |
| 16 | Judgment in a Civil Case | |
| 17 | Notice of Appeal | |

## 2.    Relevant Regulations

### 29 C.F.R. 1614.503.  Enforcement of final Commission decisions

***

(g) Notification to complainant of completion of administrative efforts. Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has

failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA, the Equal Pay Act or the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361, or to commence de novo proceedings pursuant to the appropriate statutes.

### 29 C.F.R. 1614.504.  Compliance with settlement agreements and final action.

\*\*\*

(c) Prior to rendering its determination, the Commission may request that parties submit whatever additional information or documentation it deems necessary or may direct that an investigation or hearing on the matter be conducted. If the Commission determines that the agency is not in compliance and the noncompliance is not attributable to acts or conduct of the complainant, it may order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased. Allegations that subsequent acts of discrimination violate a settlement agreement shall be processed as separate complaints under § 1614.106 or § 1614.204, as appropriate, rather than under this section.